UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:   Case No. 07-20864

E. HAROLD BUNTING,   Chapter 7

        Debtor.   Honorable Daniel S. Opperman
_____/

OPINION GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SETTLE CLAIMS OF THOMAS O. MOORS IN CHAPTER 7 CASE NO. 07-20864

Factual Background

This matter is before the Court on the Motion of the Chapter 7 Trustee, Randall L. Frank, to settle the Claim of Thomas O. Moors ("Moors"), a receiver appointed pre-petition by the Washtenaw County Circuit Court in divorce proceedings pending in that Court. Moors was assigned the task of liquidating the Debtor's assets and paying Debtor's ex-spouse, Virginia Kozlowski, in accordance with a Judgment of Divorce entered on March 14, 2002. The Court held a status conference on March 19, 2010, regarding the instant Motion along with other matters. At that status conference the Court clarified that the remaining objecting parties may include Debtor, Kristine Jahr, an unsecured creditor of the estate and Debtor's daughter, and Patricia Gravel-Henkel, another unsecured creditor of the estate.

The instant settlement is the result of the fee application of Moors filed in the amount of $114,083.00. The Trustee objected to the fee application as to the reasonableness of fee and other grounds. The Trustee asserts that he and his counsel have since further investigated the fee application and the circumstances surrounding the requested fees, including conducting a deposition of Moors. The Trustee, on behalf of the bankruptcy estate, proposes to pay Moors the

1

sum of $35,000.00, in exchange for Moors' complete release of the estate and its professionals from any claims of any sort arising out of his services as a receiver as described above, as well as releasing Moors in all regards. The Settlement Agreement and Motion do not identify, what, if any, potential claims and/or causes of action the Trustee may have against Moors.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Analysis

The law favors compromise, but any proposed compromise or settlement must be in the best interests of the estate. "In considering a proposed compromise, the bankruptcy court is charged with an affirmative obligation to apprise itself of the underlying facts and to make an independent judgment as to whether the compromise is fair and equitable. The court is not permitted to act as a mere rubber stamp or to rely on the trustee's word that the compromise is 'reasonable.'" *Reynolds v. Commissioner of Internal Revenue*, 861 F.2d 469, 473 (6th Cir. 1988).

The purpose of compromise agreements "is to allow the trustee and the creditors to avoid the expenses and burdens associated with litigating sharply contested and dubious claims." *Bard v. Sicherman (In re Bard)*, 2002 WL 31371984, at *2 (6th Cir. Oct. 15, 2002) *(*quoting *In re A & C Properties*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)).

A bankruptcy court should "form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

Courts have used the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988); *Drexel v. Loomis*, 35 F.2d 800, 806 (8th Cir. 1929); *In re Dow Corning Corp.*, 198 B.R. 214, 221-22 (Bankr. E.D. Mich. 1996).

The Court first notes only one objection to the instant Motion remains: the objection of Kristine Jahr. The objection of Sandweiss Law Center, P.C. was withdrawn on February 10, 2010, and the objection of the Debtor, E. Harold Bunting, filed on July 27, 2009, will not be recognized as a pending objection by virtue of this Court's October 28, 2009, Order barring Debtor from participating in proceedings due to Debtor's non-compliance with a previous Order of the Court. As to the objection of Patricia Gravel-Henkel, this objection is filed as part of the Court's March 22, 2010, Scheduling Order, which allowed for the filing of "continued" objections to the instant Motion by April 2, 2010. Ms. Gravel-Henkel filed a pleading on April 5, 2010, entitled, "Pleading of Continued Objection To Trustee's Motion for Authority To Settle Claims of Thomas O. Moors," and is completely devoid of substance, merely referring to a previously filed concurrence to the objection of Sandweiss Law Center, P.C.. The Court will not consider this objection for two reasons: (1) It was filed late; and (2) Pursuant to the Court's careful review of the docket, Ms.Gravel-Henkel never filed a timely objection or concurrence to an objection to the instant Motion; thus, there can be no continuation of an objection that was never filed in the first place.

As to the objection of Kristine Jahr, the Court interprets Ms. Jahr's objection to allege that Moors misappropriated funds in his trust as a pre-petition state-court receiver in the divorce

3

proceeding, and post-petition as a fiduciary to the bankruptcy estate. In her Objection, Jahr asserts that Moors is not entitled to any compensation, but instead owes Debtor and his bankruptcy estate funds in an unspecified amount. Specifically, Jahr's general allegations include: "unethical," "fraudulent," and "secret" behavior to the detriment of Debtor and Debtor's bankruptcy estate; breach of fiduciary duties; and criminal activity. Jahr's specific allegations include: Moors' alleged depletion of insurance policies in violation of court order; selling estate property without obtaining relief from stay; misappropriation of estate money in renovating estate property; inaccurate disclosure of disbursements made to Debtor's ex-wife; "not pursuing/investigating evidence in [Moors'] possession for expenses, credits due Bunting, not making accurate adjustments to the Equalizer;" and inaccurate reporting, charges and "covert deals."

As to the substance of the proposed settlement, the Court concludes that Moors is generally entitled to be compensated as an administrative expense for work performed by him in his capacity as a state-court appointed receiver to the extent that the fees claimed are reasonable. 11 U.S.C. § 543(c)(2) and Fed. R. Bankr. P. 6002(b). This conclusion was memorialized in the Court's Order entered on December 4, 2007, which held that Moors' fees in his capacity as receiver were a priority administrative expense claim "to the extent that it is determined that the fees claimed are reasonable." The Court's role in the reasonableness determination changed once the Trustee filed the instant Motion to compromise the claim of Moors. The analysis shifted in part from one of reasonableness of fees to reasonableness of a proposed settlement of the fees. In short, the Trustee and Moors have agreed to a general release of all claims the Trustee or Moors may have related to this controversy in exchange for a reduction in Moors' administrative priority claim from $114,083.00 to $35,000.00. Moors is foregoing $79,083.00 in claimed fees, in exchange for the Trustee's release of any claim the Trustee may have against

4

Moors for alleged improper accounting and/or prior payments received by Moors pre- or post-petition. This avoids the uncertainty and cost of protracted litigation surrounding these claims the estate may have against Moors, which allegations the Court concludes are described in sufficient detail in the Trustee's previous objections to the application for fees filed by Moors prior to this settlement. In those pleadings, filed at Docket Nos. 571 and 580, the Trustee details accounting, reasonableness and turnover issues, which position concedes that while Moors may have been entitled to $45,828.64 as of September 9, 2008, Moors should have been ordered to turnover the sum of $60,500.00. While the amount arguably subject to turnover would remain the same, the fees would have most certainly increased, which would potentially bring the numbers in closer to proximity to a net award to Moors. This is assuming the Trustee would succeed on his turnover motion completely, which motion never got to the point of decision before the Court.

In the instant Motion, the Trustee does not specifically address the turnover issue, but implies it is part of the settlement, which arguably would result in expense, inconvenience and delay in resolving such. The same holds true as to the reasonableness of fees, which the Trustee has already conceded to a large degree. Thus, the Court concludes that the factors weigh in favor of settlement as proposed by the Trustee as it is most efficient to creditors to resolve these issues now, without the uncertainties of litigation on these issues, as well as the attendant delay and expense.

As to the remaining objecting party, Ms. Jahr, her objections are completely unsupported and unsubstantiated. Specifically, in Ms. Jahr's April 1, 2010, pleading, she does not request the opportunity to present further evidence, but rather, asks the Court to adopt her bare allegations as described above and in previous pleadings, "as evidence of neglect and abuse of Mr. Moors [sic] actions under the position of Receiver for the estate." The Court has already conducted several

hearings on this matter and has reviewed many pleadings relating to Moors' services as receiver, and the fees requested by him related thereto. Given the Court's extensive consideration of these issues, the Court concludes that the significant reduction in Moors' fees, coupled with the uncertainty and costs of increased litigation outweighs denying the instant settlement as proposed by the Trustee.

Based upon the foregoing, the Court concludes that the Trustee's Motion to Compromise should be granted, and the Trustee shall be allowed to compromise the application for fees of Moors filed in the amount of $114,083.00, for the sum of $35,000.00, subject to the terms and conditions stated in the Motion and the Settlement Agreement attached thereto.

Counsel for the Trustee is directed to prepare and submit an appropriate Order.

**Signed on September 14, 2010**

                                    **/s/ Daniel S. Opperman**
                                    **Daniel S. Opperman**
                                    **United States Bankruptcy Judge**