UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    E. HAROLD BUNTING,                              Case No. 07-20864-dob
                                                                   Chapter 7 Proceeding
            Debtor.                                   Hon. Daniel S. Opperman

_____/

OPINION REGARDING ISSUE OF JURISDICTION OVER
TRUSTEE'S MOTION TO DETERMINE INTEREST IN PROPERTY
AND TO DISTRIBUTE FUNDS PURSUANT TO 11 U.S.C. § 725

       The Court conducted a hearing on February 15, 2013, on the Chapter 7 Trustee's Motion To Determine Interest in Property and to Distribute Funds Pursuant to 11 U.S.C. § 725 ("Motion To Distribute"). This hearing was held following the District Court's January 15, 2013, Opinion Affirming the Bankruptcy Court's Decisions. At the conclusion of the February 15, 2013, hearing, an issue arose as to the jurisdiction of this Court to rule on the instant Motion To Distribute, when counsel for one of the interested parties, Sandweiss Law Center, P.C. ("SLC"), indicated it intended to appeal the District Court's decision to the Sixth Circuit Court of Appeals. Both counsel for the Movant Trustee and counsel for creditor Virginia Kozlowski asserted that this Court does have jurisdiction to decide the Motion To Distribute, while SLC contends the Court cannot decide the Motion To Distribute at this time. In lieu of making oral arguments, the Court directed counsel to submit written briefs, and now issues its opinion on this limited issue of jurisdiction.

Facts

       The facts as to this limited issue are straightforward.

       An involuntary petition was commenced against Debtor on April 5, 2007. An Order for Relief was entered on July 27, 2007. Randall L. Frank is the duly appointed Chapter 7 Trustee in this case.

1

The Trustee filed the instant Motion To Distribute on December 3, 2012. In the Motion To Distribute, the Trustee asserts that, shortly before the instant Motion To Distribute was filed, he was contacted by a representative of Merrill Lynch, who advised him that an account was held at Munder in the names of the Debtor, E. Harold Bunting and Virginia Bunting (the "Munder Account"). Virginia Bunting is the ex-spouse of Debtor and is now known as Virginia Kozlowski. The Munder Account was opened in May 1999, through Merrill Lynch, and was "held as account" to avoid any fees Merrill Lynch may charge. This prevented the Munder Account from being reported or appearing on any Merrill Lynch statements. The establishment of this account pre-dates the divorce between Debtor and Virginia Kozlowski. The funds in the Munder Account were liquidated in May 2011, and a check payable to E. Harold Bunting and Virginia Bunting was issued by Munder at the time of liquidation. The check was mailed to an office address of Merrill Lynch in Jacksonville, Florida. This check has never been negotiated. Munder had placed a stop payment on the check, re-issued the check, and delivered it to the Trustee upon receiving notice of the pending bankruptcy case. The check is currently in the Trustee's possession, but is made payable to "Chapter 7 Bankruptcy Court, Harold Bunting and Virginia Bunting." At the February 15, 2013, hearing, the counsel for the Trustee indicated that the Munder Account funds total approximately $119,000.

The Trustee seeks authority to immediately distribute the appropriate shares of the account to the estate and to Virginia Kozlowski. Virginia Kozlowski concurred with the Trustee's Motion To Distribute. An interested party, Kristine Jahr objected, asserting that the entire account should be turned over to Debtor, and that Ms. Kozlowski has no interest in it. SLC also objected, asserting fact issues exist as to the proper division of this previously unknown asset, which was not disclosed or considered as part of the equalizer/reconciliation of asset division in the parties' divorce proceeding.

While the instant Motion is straightforward as to the relief requested, it is complicated by

SLC's appeal of the District Court's January 15, 2013, Opinion, affirming this Court's decision overruling SLC's objections to Virginia Kozlowski's claim, specifically, this Court's February 27, 2009, Opinion Regarding Legal Issues of Secured Status of Claim of Creditor Virginia Kozlowski and Debtor's Second Amended Claim of Exemptions. SLC filed a Notice of Appeal to the Sixth Circuit Court of Appeals on February 15, 2013. That appeal is currently pending as Case No. 13-1237 in the Sixth Circuit Court of Appeals and is in the initial stages. The Civil Appeal Statement of Parties and Issues filed on March 13, 2013, states as follows:

> Did the U.S. District Court by affirming the U.S. Bankruptcy Court's orders:
>
> 1. that Granted Kozlowski's Motion to Lift Automatic Stay to Allow a state divorce court to determine the amount of Kozlowski's claim against the Debtor's bankruptcy estate?
>
> 2. that overruled Sandweiss Law Center, P.C.'s (SLC) objections to Kozlowski's claim and determined that Kozlowski was a secured creditor without allowing discovery?
>
> 3. that overruled SLC's objections to Kozlowski's claim and denied SLC's motions to deny specific parts of Kozlowski's claim and to allow discovery?
>
> 4. that applied the Rooker-Feldman doctrine to this case and barred SLC from challenging state court decisions based on frauds committed by Kozlowski and/or her attorneys even though SLC was never a party to the state court decisions and even though many of the the [sic] state court decisions were made before SLC even knew the Debtor?

## Jurisdiction After Appeal

"The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) (citations omitted) (noting that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously").

"As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals. This, however, is not an inflexible rule." *Cochran v.*

3

*Birkel*, 651 F.2d 1219, 1221(6th Cir. 1981). A lower court retains jurisdiction to the extent that it can aid in the appeal as authorized by Federal Rule of Civil Procedure 73. *Hogg v. United States*, 411 F.2d 578, 580 (6th Cir. 1969). One specific exception recognized by the Sixth Circuit is a notice of appeal from a plainly nonappealable order. The Sixth Circuit followed the majority of the circuits considering this issue, and was

> persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction . . . The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's rights to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process.

*Id.*

> Where the deficiency in a notice of appeal . . . is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction. If the district court is in doubt as to whether the notice of appeal is inoperative by reason of some such defect, it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals.

*Ruby v. Secretary of the U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966); *see also In re McBride*, 203 B.R. 633, 635 (Bankr. S.D. Ohio 1996) (finding that "[l]ower courts, in order to determine if they have lost jurisdiction, are therefore compelled to make a preliminary determination of what orders may be nonappealable" and noting that [i]f the lower court were required to wait for an appellate court's determination, the result would defeat the holding of *Griggs* and by effecting a *de facto* divestiture of jurisdiction for both appealable and nonappealable orders").

Analysis and Conclusion

The Court first notes that the District Court's Order does not appear to be the type of nonappealable order at issue in *Cochran*, or otherwise defective as was the case in *Ruby*. Further, a decision by this Court on the Motion to Distribute will not in any way aid in the appeal of the issues outlined by SLC pending before the Sixth Circuit Court of Appeals. The question before this Court is whether the issues on appeal before the Sixth Circuit Court of Appeals involve, or in any

4

way impact, the instant Motion To Distribute. To quote the United States Supreme Court in *Griggs*, the question is whether or not the instant Motion To Distribute directly or indirectly implicates "those aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.

Applying SLC's above-quoted Civil Appeal Statement of Parties and Issues to the Motion to Distribute, the Court concludes that it lacks jurisdiction to decide the Motion to Distribute. The Trustee's own statement in its second post-hearing Brief establishes the direct impact a decision on the instant Motion may have on the issues currently pending appeal in front of the Sixth Circuit Court of Appeals: "The Trustee needs the Court to determine what portion of the funds belong to the estate allowing the Trustee to take possession of those funds for the benefit of creditors."[1] The Trustee is seeking a determination from this Court that would determine the extent of the estate's interest in the funds in the Munder Account. This would also mean a determination as to the extent of Virginia Kozlowski's interest in the Munder Account funds. This directly impacts some or all of the issues currently on appeal because all involve SLC's challenges to Virginia Kozlowski's claim to some degree. At a minimum, the Motion To Distribute relates to Ms. Kozlowski's claim, which is enough to deprive this Court of jurisdiction to make the instant determination.

Because the Court determines that it lacks jurisdiction over the Motion to Distribute, any other issues raised by the parties in their Briefs need not be determined. As to the practical significance of the Court not having jurisdiction to decide the instant Motion, the Court directs the Trustee to hold the Munder Account Funds in escrow pending the outcome of the pending appeal and any further decisions this Court may make on this issue.

**Not for Publication**

`Signed on June 21, 2013`

---

[1] Page 3, Trustee's post-hearing Brief, filed on March 8, 2013, at Docket No. 1086.

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge